## CASCO BANK *versus* SPRAGUE KEENE.

Instructions to a jury are to be construed in connection with the evidence in the case.

Thus, in an action by a bank, upon a promissory note, purporting to have been signed by the defendant, the instruction that, — if the plaintiffs, relying on the defendant's admission, were induced to refrain from obtaining security from him who actually wrote the defendant's signature to the note, by his arrest, or by an attachment of his property, and they thereby sustained an injury, then the defendant would be estopped from denying his signature, is correct when taken in connection with the fact proved, that the defendant knew that the president of the bank went to him for the express purpose of ascertaining whether or not the signature was genuine, and that he thereupon admitted it was.

So, also, is the instruction, that if the defendant, knowing that the signature was not genuine, told the president that it was his signature, it was such an adoption of it as would render him liable upon the note, when predicated upon the same facts.

A person will be barred by his adoption of a signature, if made with the knowledge that it was a forgery.

When a defendant has adopted the signature of the note in suit, knowing it to be a forgery, the rule of damages will be the whole amount of the note.

And the same rule applies when the defendant is estopped from denying the signature.

ON EXCEPTIONS from *Nisi Prius*, DAVIS, J., presiding. ASSUMPSIT.

The facts sufficiently appear in the opinion.

*E. & F. Fox*, for the defendant.

*Howard & Cleaves*, for the plaintiffs.

DAVIS, J.—The Casco Bank held a promissory note purporting to have been signed by the defendant. The president, having heard that the signature was forged, went to the defendant to ascertain whether he signed it. He examined the note, and acknowledged the signature to be genuine. The officers of the Bank thereupon refrained from commencing any proceedings against the person from whom they received the note, to secure the payment by him.

The jury were instructed "that, if the plaintiffs, relying on the defendant's admission, were induced to refrain from obtaining security of Jordan, by his arrest or by an attachment of his property, and they thereby sustained an injury, then the defendant would be estopped from denying his signature."

This instruction is in harmony with the principles applicable to estoppels *in pais.* *Wood* v. *Pennel,* 51 Maine, 52, and cases cited.

It is said that the defendant ought not to be held liable unless he *intended* that the officers of the bank should rely and act upon his admission. It is true that he ought not to be held liable on this ground, unless he had reason to suppose that they were making inquiries *for the purpose* of acting or relying upon the information received. But no question was raised on this point at the trial. Exceptions are not intended to present questions of law not brought to the attention of the Court at the trial. Instructions given are to be construed in connection with the evidence in the case. The defendant must be presumed to have intended the natural consequences of his own acts. The testimony on both sides is the same on this point, and leaves no room for doubt that he understood that the president of the bank came to him *for the express purpose* of ascertaining whether the signature to the note was genuine. No question, therefore, was raised in regard to it. It was assumed and conceded in argument, as it was in the instructions given by the Court.

The jury were also instructed that, if the defendant, *knowing that the signature was not genuine,* told the president of the bank that it was his signature, it was such an adoption of it as would render him liable upon the note. This instruction is also predicated upon the circumstances proved, and not denied, that the president of the bank was making inquiries for the purpose of ascertaining the genuineness of the signature, and that this was known to the defendant. The jury were instructed that, if the admission was made under

Casco Bank *v.* Keene.

any *mistake*, he would not be bound by it. That he would be bound by his adoption of the signature, if made with the *knowledge* that it was a forgery, there can be no doubt. *Greenfield Bank* v. *Crafts*, 4 Allen, 447.

The instruction given upon the question of damages was correct. If the jury found that the defendant *adopted* the signature, knowing it to be a forgery, his liability for the whole amount of the note is not denied. And the result would have been the same if they found that he was estopped from denying the signature. There are some cases in which one may be liable only for the damages caused by his representations. But the general rule applicable to estoppels *in pais*, is not, that one *may deny* the truth of representations made by himself, upon which another has been induced to rely, *and pay the damages caused thereby;* but that he *shall not be permitted to deny their truth.* If the estoppel applies to a disclaimer by any person, of title to property, he cannot assert any title; if it applies to an admission of partnership, he is bound as a partner, *in fact.* An estoppel may be limited to the *person* acting upon it and to the *subject matter* to which it relates; but it cannot be apportioned. It is applied, primarily, not to settle questions of *damages*, but other questions of *fact.* If the fact is one of title or of partnership, or the genuineness of a signature, the liability is the same as if the fact had been established by any other kind of evidence.

*Exceptions overruled.*

APPLETON, C. J., KENT, WALTON and DANFORTH, JJ., concurred.

BARROWS, J., concurred in the result.