No. 747.

THE FIRST NATIONAL BANK OF FRANKFORT, INDIANA,
v. BREMER.

BANKS AND BANKING.—*Stolen Certificate of Deposit.—Forged Indorsement.— Effect on Rights of Depositor.*—Where a person deposits money with a bank and receives a certificate of deposit therefor, and the certificate is stolen from the depositor and his name forged thereon by way of indorsement, and the bank without the authority or consent of the depositor pays the amount evidenced by the certificate, on the forged indorsement, after the certificate, in the due course of banking business, has passed through two other banks, and has, by them, been indorsed,—the obligation of the bank of deposit to the depositor could not be changed by such transaction, without some affirmative act or negligent conduct on the part of the depositor.

From the Clinton Circuit Court.

*J. Claybaugh* and *N. P. Claybaugh*, for appellant.

*S. O. Bayless, C. G. Guenther, B. Clark* and *F. A. Joss*, for appellee.

DAVIS, J.—This action was brought in the court below by appellee against appellant, to recover judgment on three certificates of deposit, issued by appellant to the appellee, the first, dated July 8, 1888, for $150; the second, dated September 4, 1889, for $50, and the third, dated May 18, 1889, for $60.

The complaint contains three paragraphs, each certificate of deposit forming the foundation for the separate paragraphs. The facts set out in each paragraph are substantially the same, stating that appellee deposited with appellant, a duly and legally incorporated bank, the respective sums of money above set out; that on the 10th day of July, 1890, the certificates were, without fault of appellee, stolen, and his name forged by way of indorsement on each of said certificates, by some one to him

unknown, and without his knowledge, authority, or consent; that immediately after he ascertained that said certificates had been stolen from him, the appellant was notified by the appellee, by telegraph, that the said certificates had been stolen from him, and requested appellant not to pay the same; that said appellant, without the authority or consent of the appellee, paid the amounts evidenced by said several certificates on said forged indorsements, after said certificates, in the course of banking business, had passed through the Wayne County Savings Bank of Detroit, Michigan, and the First National Bank of Detroit, and that said certificates had never been indorsed by appellee, and that no part of the same had ever been received by or paid to him, and that appellee, before suit, had demanded payment of said several amounts of appellant, and had been refused payment.

The only errors relied on are that the court erred in overruling demurrer to each paragraph of the complaint.

The objections to the complaint, as we understand counsel for appellant, may be summarized as follows:

1. That the complaint does not state that the appellee notified the appellant, or that the appellant had notice from any other source, of the fact that the certificates had been stolen, before the payment of the certificates by the appellant. Further, that the complaint does not state the date of the notice to the appellant of the fact that the certificates had been stolen, nor how long it was after the certificates had been stolen that the appellee notified the appellant of the fact.

2. That on the facts stated, the appellant is not liable, for the reason that, as a matter of law, it had the right to rely upon the indorsement of the bank who first cashed the certificates, and the subsequent indorsements of the

other banks, through which the certificates passed, that the signature thereon was genuine.

3. That this action should have been brought against the bank that first cashed the certificates on the forged indorsement, and not against appellant.

4. That the complaint does not show due diligence on the part of the appellee in making demand for payment of the certificates after he became cognizant of the fact that they had been stolen from him.

On careful examination and mature consideration, we have reached the conclusion that each paragraph of the complaint states facts sufficient to constitute a cause of action.

The appellee was a creditor of the appellant bank. The appellant was, under the contract, required to pay to him, or to his order, the several amounts specified, on the surrender of the certificates. On the facts pleaded, and which the demurrer admits to be true, appellee was not in any respect in fault. He was in no manner responsible for the action of appellant in paying the amounts evidenced by the certificates on the forged indorsement to some other bank or person. The loss of the certificates was occasioned by no act of negligence on his part. Immediately, on the discovery of the theft, he gave appellant notice, in the speediest possible manner, of the fact. He did nothing, so far as appears, that he ought not to have done, and he did not fail to do anything that he ought to have done. In making the payments on such forged indorsements, appellant parted with its own money, and not with appellee's money, and the loss thereon was its own, and should not be transferred to appellee, under the circumstances.

If it appeared reasonably probable that but for some negligence on the part of appellee, the appellant could have in some manner protected itself, a different ques-

tion would be presented.   It seems to us clear, on the plainest principles of justice, that, in the absence of any negligence on the part of appellee, the appellant has not, in fact, discharged its indebtedness to him.   As we have stated, the appellant was indebted to appellee.   The other banks owed him nothing.   He does not seem to have had any dealings with either of them.   His transactions were with appellant.   The appellant was his debtor to the amount of the several deposits.   The appellant could not rightfully debit his account with any payments made to other banks or persons, except such as were made by his order or direction.   It is true these amounts were not ordinary deposits subject to check, but so far as the questions involved in this appeal are concerned there is no difference between the cases.   *Janin* v. *London and San Francisco Bank*, 92 Cal. 14, 27 Am. St. Rep. 82; 3 Am. and Eng. Encyc. of Law, p. 222.

If the certificates in question had originated, not with the appellant, but had come to the appellant for the first time for its acceptance, and the appellee stood in the position, not of the original payee of the certificates, but the payee, holder or presenter of a forged paper, and prior to the payment thereof by the bank had been guilty of negligence contributing to induce such payment, then, under such circumstances, the rule enunciated in the authorities cited by counsel for appellant could properly be invoked.   But here, the appellee was not guilty of any negligence contributing to induce the appellant to pay on a forged indorsement.   He in no manner, either by active or tacit consent, permitted the papers to leave his possession, or to receive the indorsement of the banks, which the appellant insists it had the right to rely upon. In other words, the relation of the parties and the obligation of appellant to appellee could not be changed

The First National Bank of Frankfort, Indiana, *v.* Bremer.

without some affirmative act or negligent conduct of the appellee.

The appellant has been imposed upon. It paid the certificates of deposit, in the usual course of banking business, in doing which the bank no doubt acted in good faith, in the honest belief that appellee had indorsed the certificates. But how can this act, on the part of appellant, affect the rights of appellee under the circumstances stated in the complaint?

As we have before stated, the contention that such payment should be charged against the deposit account of appellee, is not sustained either by reason or authority. It may be conceded to be true that this is, as insisted by counsel for appellant, an important question affecting every bank doing business, but a bank is not authorized, as against a customer and depositor, to pay the money due such depositor or creditor on certificates of deposit duly issued by it, which have been stolen and bear the forged indorsement of the payee, in reliance solely on the indorsements of other banks that have prior thereto accepted and paid the certificates. What the rights may be as between the respective banks and indorsee in such cases we are not required to consider or determine. It is sufficient to say that the debt owing the payee of the certificates has not been discharged by such payment.

Judgment affirmed, at costs of appellant.

Filed Oct. 11, 1893.