| 43 | 573 |
| 85 | 327 |
| 43 | 573 |
| 91 | 311 |
| 43 | 573 |
| 103 | 252 |

[No. 2,546.]

## PETER DONAHUE v. J. GALLAVAN ET AL.

POSSESSION OF LAND.—If one who is in the actual possession of a portion of a tract of land, claiming the whole, makes a conveyance of the whole, and the grantee enters into actual possession of such part, claiming the whole, such entry, under the deed, gives the grantee constructive possession of the whole tract.

EVIDENCE IN EJECTMENT.—Proof that a person entered into the actual possession of a part of a tract of land, claiming the whole, under a deed describing the whole, is prima facie proof, under an issue of prior possession, and sufficient to go to the jury.

POSSESSION OF LOTS AND BLOCKS IN A CITY.—The rule that one who enters into the actual possession of a part of a tract of land, claiming the whole, under a deed describing the whole, is in constructive possession of the whole, applies to land in San Francisco, within the district covered by the Van Ness Ordinance, and to city lots.

EVIDENCE IN EJECTMENT.—In ejectment, when the issue is prior possession, proof by plaintiff that he was in possession by his servants, of houses on

the demanded premises, makes a prima facie case sufficient to go to the jury.

STATEMENT ON APPEAL AFTER NONSUIT.—The question presented on a motion for a nonsuit is a question of law, and in a statement on a motion for a new trial, after nonsuit, the decision of the Court should be specified as an error of law. The specification need not embody the evidence.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

Ejectment to recover possession of a part of block twenty-five, mentioned in the opinion. This land lies within the territory in San Francisco covered by the Van Ness Ordinance. The Court below held, that the rule laid down in *Hicks* v. *Coleman*, mentioned in the opinion, did not apply to land within the territory covered by the Van Ness Ordinance, and that the rule had no application to city lots.

The plaintiff moved for a new trial, and made the following specification on the question of nonsuit: "The Court erred in granting defendants' motion for a nonsuit and in granting a nonsuit."

The plaintiff appealed.

The other facts are stated in the opinion.

*Sharp & Lloyd, W. H. Patterson,* and *M. H. Myrick,* for Appellant.

It was error for the Court below to say, as it did say by granting the nonsuit, that there was no evidence of actual occupation by plaintiff's grantors. (*San Francisco* v. *Beideman,* 17 Cal. 443; *Hubbard* v. *Barry,* 21 Cal. 321; *Welch* v. *Sullivan,* 8 Cal. 201; *Townsend* v. *Greeley,* 5 Wallace, 326; *Satterlee* v. *Bliss,* 36 Cal. 489, 512–13; *Brooks* v. *Hyde,* 37 Cal. 366.) The evidence tended to show, and did show, prior possession in plaintiff's grantors, and that the title thereby acquired had vested in plaintiff by regular mesne conveyances; and that plaintiff had been ousted by defendants. (*Hicks* v. *Coleman,* 25 Cal. 122; *Hoag* v. *Pierce,* 28

Cal. 187; *McKee* v. *Greene*, 31 Cal. 418; *Ayres* v. *Bensley*, 32 Cal. 620; *Wolfskill* v. *Mallachowitz*, 39 Cal. 276.)

*John Reynolds*, for Respondents.

No title was shown under the Van Ness Ordinance. (*Wolf* v. *Baldwin*, 19 Cal. 306; *Polack* v. *McGrath*, 32 Cal. 15.) The possession of the gardens was not sufficient to extend the possession, so as to embrace the premises in controversy. (*Brummagim* v. *Bradshaw*, 39 Cal. 24; *Wolfskill* v. *Mallachowitz*, 39 Cal. 276; *Walsh* v. *Hill*, 38 Cal. 481.)

By the Court, RHODES, J.:

The premises in controversy form a part of Mission Addition block number twenty-five, in the City of San Francisco. In 1850 or 1851 Clark, Wilson & Stock entered upon a tract of land composed of blocks twenty-five and twenty-eight, and small portions of adjacent blocks and the intervening streets, which were not then laid out, and reduced some portions thereof to their actual possession. Wilson & Stock conveyed the tract to Dehon, who entered under the deed into the actual possession of a part of the tract. The plaintiff claims under that deed. It also appears that the plaintiff, by his servants, was in the possession of certain houses situated on the premises in controversy, at the time of the entry of the defendants. The defendants moved for a nonsuit on the ground that the plaintiff had not shown such possession as would give him title under the Van Ness Ordinance, and that he had not shown such prior possession as would entitle him to recover, and the motion was granted on both grounds. The entry of Dehon under the deed of Wilson & Stock had the effect to give him the constructive possession of the whole tract. (*Hicks* v. *Coleman*, 25 Cal. 122; *Ayres* v. *Bensley*, 32 Cal. 620.) That evidence, together with the fact that the title of Dehon had vested in the plaintiff, was sufficient to

go to the jury, upon the issue of prior possession. We see nothing in the facts of this case, to prevent the application of the rule in those cases, to the tract of land described in that deed. The occupation of the houses by the servants of the plaintiff, as already mentioned, was also competent evidence on the question of prior possession, and should have been submitted to the jury. It is unnecessary, at this stage of the case, to express any opinion as to whether there was such an occupation of the premises as to entitle the occupant to the benefits of the Van Ness Ordinance.

The defendants insist, that as these questions were presented on the motion for a new trial, they cannot be considered, because there was not a sufficient specification of the grounds of the motion within the requirements of section one hundred and ninety-five of the Practice Act. This objection is untenable. The question presented on a motion for a nonsuit is a question of law, and in the statement on new trial the decision of the motion should be specified as an error of law. Were this not the correct practice, the party complaining of the granting of a nonsuit would be compelled, after stating the evidence, to restate it in his specifications, in order to show that it was insufficient to justify the decision—or in other words, that it was sufficient to make a prima facie case to go to the jury.

Judgment and order reversed and case remanded for a new trial.

Mr. Justice CROCKETT did not express an opinion.