[No. 9812.  Department Two. — December 30, 1887.]

CHARLES SCHROEDER, APPELLANT, *v.* JOHN C. SCHMIDT, RESPONDENT.

| 74 | 459 |
| 82 | 607 |
| 74 | 459 |
| 85 | 527 |
| 74 | 459 |
| 87 | 410 |
| 74 | 459 |
| 89 | 452 |
| 74 | 459 |
| 91 | 311 |
| 74 | 459 |
| 92 | 151 |
| 74 | 459 |
| 107 | 675 |

PRACTICE — NONSUIT — APPEAL — EXCEPTION TO ORDER — SPECIFICATION OF ERROR. — Error in granting a nonsuit is an error of law, and cannot be reviewed on an appeal from an order refusing a new trial, unless it was excepted to on the trial, and specified as error in the statement or bill of exceptions.

EVIDENCE — PAROL CANNOT CONTRADICT WRITING — BILL OF SALE. — Parol evidence as to what was intended by a bill of sale, or what was included in it, is not admissible to contradict or add to the writing.

ID. — OFFER OF PROOF MUST BE SPECIFIC. — An offer of proof which is not directed to some specific material fact should be denied on account of its vagueness.

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing a new trial.

On and prior to the 31st of October, 1881, the plaintiff was the owner of a building situated in the city and county of San Francisco, in which he conducted the business of a liquor saloon. On that date he sold the building to the defendant, and subsequently, on the 16th of December, 1882, sold him the saloon and business. The present action was brought to recover damages against the defendant, on the ground that the plaintiff, being insane at the time the sale was made, had been induced, through the fraud of the defendant, to execute

the bill of sale of the building. On the trial, after the plaintiff had introduced evidence tending to show his insanity at that time, he offered to introduce evidence to show that the second bill of sale did not include the building, and was not intended by the parties to be a confirmation of the first sale, and was not a confirmation thereof. The court excluded the evidence, to which ruling the plaintiff excepted. After the plaintiff had rested, the court granted a nonsuit. The plaintiff afterwards made a motion for a new trial on a statement of the case, which was denied. The further facts are stated in the opinion.

*John F. Burris,* for Appellant.

*E. W. Blaney,* for Respondent.

HAYNE, C. — The plaintiff was nonsuited at the trial. He took no exception to the ruling, and the statement does not specify it as error.

An error in granting a nonsuit is an error in law, and should be excepted to and specified as such. (*Donahue* v. *Gallavan,* 43 Cal. 576; *Cravens* v. *Dewey,* 13 Cal. 42.) It cannot be reviewed on the ground that the evidence is insufficient to sustain the decision. This is a ground for the review of questions of fact, not of law.

There was no error in the ruling on the plaintiff's offer to prove what was intended by the bill of sale, or what was included in it. Such evidence was not admissible to contradict or add to the writing. And if it be said that the object was to show the situation of the property so as to explain the writing, the answer is, that the offer was too vague, and the ruling was proper on that ground alone. (*Smith* v. *East Branch Co.,* 54 Cal. 164.)

We therefore advise that the order denying a new trial be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.— For the reasons given in the foregoing, opinion, the order denying a new trial is affirmed.

McFARLAND, J., concurring. — I concur in the judgment because no error appears which would warrant us in disturbing the judgment of the court below. But I am not prepared to say that on an appeal from an order denying a new trial, a final judgment, though following an order granting a nonsuit, may not be reviewed on a bill of exceptions containing the evidence and the rulings at the trial, even if there was no formal exception to the order granting the nonsuit.