[No. 14179.   Department Two. — September 21, 1891.]

CAROLINE WARNER, RESPONDENT, *v.* E. DARROW, APPELLANT.

NONSUIT — ERROR OF LAW — INSUFFICIENCY OF EVIDENCE — REVIEW ON APPEAL. — An error in granting a nonsuit is an error of law, and should be excepted to and specified as such upon an appeal from the judgment, and cannot be reviewed upon the ground that the evidence is insufficient to support the decision.

ID. — TIME FOR APPEAL — REVIEW OF EVIDENCE — CONSTRUCTION OF STATUTE. — The statute providing that an exception to a decision upon the ground that the evidence is insufficient to support it cannot be reviewed upon appeal from the judgment unless the appeal is taken within sixty days after the rendition of the judgment does not apply to a review of a ruling upon a motion for nonsuit.

ID. — EFFECT OF MOTION FOR NONSUIT — ADMISSION OF FACTS — QUESTION OF LAW. — A motion for a nonsuit admits the truth of the plaintiff's evidence, and every inference of fact which can be properly drawn therefrom, and has the same effect in presenting a pure question of law as would a general demurrer to a complaint alleging only the same facts.

VENDOR AND PURCHASER — CONTRACT OF SALE — SPECIFIC PERFORMANCE — MATURITY OF CAUSE OF ACTION — OPTION OF PURCHASER. — Under an agreement for the sale of land binding the vendor to make a conveyance "on or before" a specified date, provided the vendee should "on or before that day" have paid to the vendor the price named therein, the purchaser is entitled to a conveyance upon his payment or tender of the agreed price to the vendor at any time within the time stated, and may enforce a specific performance of the agreement as soon as such payment or tender is made.

TRIAL — ISSUES UPON CROSS-COMPLAINT — NONSUIT OF PLAINTIFF — DISMISSAL OF ACTION. — Where the defendant in an action filed a cross-complaint seeking affirmative relief, and the plaintiff filed an answer thereto, the nonsuit of the plaintiff, upon motion of the defendant, does not operate as a dismissal of the action, so as to deprive the defendant of the right to a trial of the issues raised by the cross-complaint and answer thereto.

APPEAL from a judgment of the Superior Court of Los Angeles County, from an order denying a new trial, and from an order denying a motion to retax costs.

The facts are stated in the opinion of the court.

*W. T. Kendrick,* for Appellant.

Under the agreement of purchase, the appellant was the equitable owner of the land, and, upon performance of his agreement by payment of the purchase-money, was entitled to a conveyance of the legal title. (*Whittier* v. *Stege,* 61 Cal. 240; Civ. Code, sec. 1657.) The error in granting the nonsuit was an error of law, and the appeal was therefore taken in time. (*Schroeder* v. *Schmidt,* 74 Cal. 459; *Donahue* v. *Gallavan,* 43 Cal. 576; *Cravens* v. *Dewey,* 13 Cal. 42.) As there was a cross-complaint distinct and complete in all of its parts and an answer thereto, the nonsuit of plaintiff did not operate as a dismissal of the action, but the defendant was entitled to a trial of the issues so raised. (*Mott* v. *Mott,* 82 Cal. 413.)

*Michael Whaling*, for Respondent.

The granting of the motion of nonsuit by the defendant operated as a dismissal of the action, and the motion of the plaintiff for a nonsuit after the defendant had tried his case upon the cross-complaint was properly granted. (*Wood* v. *Ramond*, 42 Cal. 643. See *Mott* v. *Mott*, 82 Cal. 413.)

De Haven, J. — The defendant filed a cross-complaint in the action, in which he asked as affirmative relief that the plaintiff be required to convey to him certain described land. The plaintiff answered. Upon trial of the action, the plaintiff was, upon motion of defendant, nonsuited. The court thereupon proceeded to a trial of the issues made by the cross-complaint and answer thereto, and when the defendant had concluded his evidence in support of his cross-complaint, the court, on motion of plaintiff, granted a nonsuit as to the matters alleged in said cross-complaint. From this judgment the defendant appeals.

1. The appeal in this case was taken more than sixty days after the rendition of the judgment of nonsuit, and the respondent insists that as the determination of the question whether the nonsuit was proper actually depends upon the sufficiency of the evidence to sustain the allegations of the cross-complaint, the appeal was not taken in time. This view finds support in the opinion of Mr. Justice Works in *Miller* v. *Wade*, 87 Cal. 410, but was not concurred in by a majority of the court in that case, and it cannot be sustained without overruling previous decisions in which it was uniformly held that the ruling of a court upon a motion for a nonsuit presents a pure question of law, and is properly assigned as such on appeal from the judgment. (*Cravens* v. *Dewey*, 13 Cal. 42; *Donahue* v. *Gallavan*, 43 Cal. 576; *Schroeder* v. *Schmidt*, 74 Cal. 460.) In the latter case this court said: "An error in granting a nonsuit is an error in law, and should be excepted to and specified as such. (*Donahue* v. *Gallavan*, 43 Cal. 576; *Cravens* v. *Dewey*, 13 Cal. 42.)

It cannot be reviewed on the ground that the evidence is insufficient to sustain the decision. This is a ground for the review of questions of fact, not of law."

We have no doubt of the correctness of these views. A motion for a nonsuit admits the truth of plaintiff's evidence and every inference of fact which can be properly drawn therefrom, and the question thus presented is as strictly one of law as that which would arise, if, to a complaint alleging the same facts, a demurrer should be interposed upon the ground that such facts were insufficient to constitute a cause of action.

2. The evidence was sufficient to show that appellant tendered to respondent the balance of the price which, by the terms of the agreement alleged in the cross-complaint, he was to pay for the land. This, in the absence of any proof of the matters set up as a defense, entitled him to a conveyance. The agreement binds the respondent to make the conveyance " on or before " July 1, 1892, provided that the appellant shall, " on or before that day, have paid to the obligor " the price named therein. This provision does not render the present action by appellant for a specific performance premature, or justify the respondent in withholding the conveyance after she had been paid or tendered the agreed price for the land.

The true meaning of the agreement is, that appellant was to have until the dates fixed therein within which to make the different payments provided for, the last falling due on July 1, 1892, but might, at his option, make payment sooner, and if he did, that respondent would at once convey. Upon payment or tender of the purchase price the appellant became, in equity, the owner of the whole estate in the land purchased, and entitled to a conveyance of the legal title.

3. The nonsuit of plaintiff, upon motion of defendant, did not operate as a dismissal of the action, so as to prevent the trial of the issues arising upon the cross-complaint and the answer thereto. The effect of this order was, that plaintiff was entitled to no relief against the

defendant on account of matters alleged in the complaint, but the issues made by the cross-complaint and the answer thereto still remained, and the appellant was entitled to have them tried and disposed of. This was, in effect, so held in *Mott* v. *Mott*, 82 Cal. 419. The case of *Wood* v. *Ramond*, 42 Cal. 644, upon which respondent relies, is not in conflict with this view. In that case there was no cross-complaint, and what was there said about an order of nonsuit being, in effect, a dismissal of the action does not apply here.

The other grounds relied upon to sustain the judgment do not require special mention.

The reversal of the judgment and order denying appellant's motion for a new trial necessarily compels a reversal of the order denying the motion for taxation of costs.

Judgment and orders reversed.

McFARLAND, J., and BEATTY, C. J., concurred.