(February 26, 1892.)

## JOHNSON v. MANNING ET AL.

[29 Pac. 101.]

JUDGMENT ON PLEADINGS.—1. When any of the material allegations of the complaint are denied by the answer, it is error to render judgment on the pleadings.

(Syllabus by the court.)

APPEAL from District Court, Kootenai County.

Albert Hagan and Mark Musgrove, for Appellants.

Where an answer contains a denial of any material allegations in the complaint, it is error for the court to render judgment on the pleadings. Such denial raises an important and material issue, which must be tried like any other issue. (*Hicks v. Lovell,* 64 Cal. 14, 49 Am. Rep. 679, 27 Pac. 942; *Prost v. More,* 40 Cal. 347; *Nudd v. Thompson,* 34 Cal. 47; *Siter v. Jewett,* 33 Cal. 92; *Reich v. Mining Co.,* 3 Utah, 254, 2 Pac. 703; *Miles v. McCallan,* 1 Ariz. 491, 3 Pac. 610.) A verdict, to serve as a basis for a judgment, must be complete and certain; otherwise, both the verdict and judgment entered thereon are errors, and reversible. (*Stewart v. Taylor,* 68 Cal. 5, 8 Pac. 605; *Campbell v. Jones,* 38 Cal. 509; *Dougherty v. Higgins,* 56 Cal. 522; *Kelly v. McKibben,* 54 Cal. 192.)

Robert E. McFarland, for Respondent.

SULLIVAN, C. J.—This is an action upon a replevin bond. The complaint alleges that one Lindley commenced an action in the probate court of Kootenai county against the respondent to recover posession of two certain horses, or, in case the possession could not be had, their value, alleged to be $300. That the appellants herein executed the undertaking required by the statute in such cases. That after filing said undertaking the said horses were delivered to said Lindley, and were thereafter delivered by Lindley to the appellants. That thereafter the court proceeded to try said action with a jury, and the jury returned the following verdict:

"S. T. LINDLEY,
                    Plaintiff,
         vs.

W. H. JOHNSON,
                    Defendant.

"We, the jury impaneled in the above-entitled case, find for the defendant five dollars.

"Foreman, LOUIS FILERT."

And thereupon judgment was entered against the said Lindley in pursuance of said verdict. That neither said Lindley nor the appellants have returned said property, or paid said judgment and costs in said action. That the appellants have converted to their own use and benefit said horses so delivered to them by said Lindley, to respondent's damage in the sum of $300, and costs of said replevin suit—and demands judgment for the value of said property, and the amount of the judgment in the probate court, amounting in all to $353. The answer of the defendants denies that said property ever came in the possession of the defendants. Denies that the defendants, or either of them, ever converted the whole or any part of said property to their own use or benefit. Denies that upon the return of said verdict, or at any time, judgment was entered against said Lindley in pursuance of said verdict, and alleges that no judgment whatever was ever made or rendered upon said verdict. Denies that plaintiff has been damaged by reason of the premises in the sum of $353, or in any sum whatever. Denies that said property is of the value of $300, or of any value to exceed the sum of $100. And avers that at the time of the return of said verdict in the said probate court said court then and there made the following entry in said cause, to wit:

Idaho, Vol. 3.—23

"*In the Probate Court, Kootenai ·County, Idaho Territory.*

"S. T. LINDLEY,
                    Plaintiff,

          vs.

W. H. JOHNSON,
                    Defendant.

"We, the jury impaneled in the above-entitled case, find for the defendant five dollars.

                              "Foreman, LOUIS FILERT.

"Costs: Court, $7.00; sheriff, $14.00; jury, $20.00; witness, $30.00.

                              "HENRY HELDER,
                                   "Probate Judge."

And that no other or different judgment entry, or entry of any kind, has been made in said case. The answer further avers that, within one week after making said entry, Lindley offered to pay the five dollars found to be due by said verdict, and the costs of said case; and the said court refused to receive the same, and ever since has and still refuses to receive the same. The record shows that a motion was made by plaintiff for judgment on the pleadings, which motion was granted, and judgment entered in favor of the plaintiff for the sum of $353, damages and costs of suit, from which judgment this appeal was taken.

The respondent contends that the points raised by appellants cannot be considered here, for the reason that no exception was taken to the ruling of the court below, and cites *Schroeder v. Schmidt,* 74 Cal. 459, 16 Pac. 243; *Flashner v. Waldron,* 86 Cal. 211, 24 Pac. 1063; *Warner v. Darrow,* 91 Cal. 309, 27 Pac. 737; *Malone v. Beardsley,* 92 Cal. 150, 28 Pac. 218. These cases are not in point. They hold that an order granting a nonsuit cannot be reviewed on appeal if no exception was taken in the court below. In the case at bar no nonsuit was granted, but a judgment on the pleadings was entered. The appellants contend that the court erred in grant-

ing judgment on the pleadings. As will be observed from the pleadings, many, if not all, of the material allegations of the complaint are denied by the answer. When any material allegation of the complaint is denied by the answer, it is error for the court to render judgment on the pleadings. It is only where an answer admits, or leaves undenied, the material allegations of the complaint, that a judgment can be rendered on the pleadings. (*Hicks v. Lovell,* 64 Cal. 14, 49 Am. Rep. 679, 27 Pac. 942; *Prost v. More,* 40 Cal. 347; *Nudd v. Thompson,* 34 Cal. 47; *Reich v. Mining Co.,* 3 Utah, 254, 2 Pac. 703; *Miles v. McCallan,* 1 Ariz. 491, 3 Pac. 610.) The court erred in granting judgment on the pleadings. The case is reversed, with costs in favor of appellants.

Morgan and Huston, JJ., concur.