[No. 18205.  Department One. — May 29, 1894.]

JAMES J. O'CONNOR, RESPONDENT, v. JOHN A. HOOPER, APPELLANT.

MOTION FOR NONSUIT—REVIEW UPON APPEAL—ERROR IN ADMITTING EVIDENCE.—Error in admitting evidence for the plaintiff cannot be reviewed on a motion for a nonsuit, and where the evidence admitted substantially tends to prove all the facts essential to plaintiff's cause of action the nonsuit is properly denied.

CONTRACT FOR GRADING STREET—LIMITED SUBSCRIPTION OF LOT-OWNERS —SEVERAL CONTRACT—VALIDITY—EVIDENCE.—Where a street contractor, with whom the city has contracted to do its proportion of the grading of a street, engages with lot-owners, contracting with each severally that he will do grading at a specified price per cubic yard, and other work at specified prices per front foot, the effect of signatures of lot-owners limiting the obligation of the subscribers to pay for only a specified part of the grading is the same as if the contract of each had been written on a separate paper; and the instrument is of the nature of a subscription contract, whereby the obligation of each subscriber is limited and several, and not joint, and the contract is not illegal or invalid, but is admissible in evidence to show the liability of a lot-owner who has subscribed the contract for grading in front of his lot.

ID.—LIABILITY FOR PROPORTION OF FRONTAGE—CERTIFICATE OF SURVEYOR—NUMBER OF CUBIC YARDS.—Where the contract of a lot-owner is to pay for the grading in front of his lot in the proportion that the frontage of his lot bears to the whole frontage on the street improvement, the certificate of the city and county surveyor showing the whole number of cubic yards of grading is admissible in evidence against the lot-owner, and the number of cubic yards of grading in front of his lot is not a factor in the calculation.

ID.—OBJECTION TO CERTIFICATE NOT APPLICABLE TO SURVEY.—Where a certificate signed by the city engineer showing the whole number of cubic yards of grading is based upon notes of a survey made by him before he came into office, an objection that the certificate was not made by the city engineer does not include the objection that he made the survey without authority, nor that it was improperly made.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion.

*Page & Eells*, for Appellant.

*D. T. Sullivan*, for Respondent.

VANCLIEF, C.—It is alleged in the complaint, substantially, that on the first day of September, 1891, the

defendant was indebted to the plaintiff in the sum of nine hundred and thirty-seven dollars and fifty-five cents for work and labor theretofore done and performed by plaintiff at defendant's instance and request, in grading on Laguna street, between Clay and Washington streets, in the city and county of San Francisco; and that defendant has refused to pay said sum or any part thereof. By the answer of the defendant each allegation of the complaint is specifically denied.

The cause having been tried without a jury, the court found that the defendant was indebted to plaintiff for the alleged work and labor, including interest in the sum of six hundred and eighty-seven dollars and ninety-one cents, for which sum, with costs, judgment was rendered against defendant.

The defendant appeals from the judgment on the judgment-roll containing a bill of exceptions; but the bill of exceptions specifies no particular in which it is claimed that the evidence *admitted* is insufficient to justify the decision, and therefore raises no such question.

1. Defendant's motion for nonsuit was not made on the ground that the evidence which *had been admitted* did not substantially tend to prove all the facts essential to plaintiff's cause of action, but only on the same grounds upon which portions of the admitted evidence had been objected to when offered, and to the admission of which defendant duly excepted; so that the exception to the order denying the nonsuit added nothing to the exceptions before taken to the admission of the evidence, and does not raise the question whether the *admitted* evidence tended to prove all the material allegations of the complaint; and, since errors in admitting evidence cannot be reviewed on a motion for nonsuit, it follows that the nonsuit was properly denied.

2. The plaintiff offered as evidence the following instrument:

"This agreement, made and entered into on this — day of July, A. D. 1891, by and between James J. O'Connor, of the city and county of San Francisco, state of

California, party of the first part, and certain owners of property, lots, and lands fronting on Laguna street, between Clay and Washington streets, in the said city above mentioned, whose names are hereunto subscribed, each contracting severally, parties of the second part, witnesseth, that the said party of the first part, for and in consideration of the covenants of the said parties of the second part hereinafter expressed, promises, covenants, and agrees, to and with the said parties of the second part, that he will furnish all the materials, and perform the work of constructing in a good and workmanlike manner, of grading to the official grade said above-named street; also to macadamize the same, and to construct rock gutterways, and to lay redwood curbs where not already laid, or where granite curbs are not laid, at the following prices, viz:

"Grading, per cubic yard, $.85, eighty-five cents.

"Macadamizing and rock gutters, per front foot, one dollar and thirty cents.

"Redwood curbs, per front foot, thirty cents.

"Estimate of the number of cubic yards to be made by the city and county surveyor, all incidental expenses to be paid by the party of the first part.

"And the said parties of the second part, in consideration of the premises, each for himself and not for the others, promise, covenant, and agree, to and with the said party of the first part, that they will pay to said party of the first part, upon the completion of the work aforesaid to the satisfaction of the superintendent of public streets, highways, and squares, their *pro rata* of the total cost of the above-described work, each one paying therefor according to the ratio that their respective frontage bears to the whole frontage here represented.

In witness whereof the said parties have hereunto set their hands and seals the day and year aforesaid.

"[SIGNED]  JAS. J. O'CONNOR,

"2927 Clay street.

"[SIGNED]  JOHN A. HOOPER,

"For grading only.   127 feet 8¼ inches.

"[SIGNED]  ROBERT WATT,

"For grading only to center of street fronting my lot, 65 feet.

"[SIGNED]  M. E. CASTLE,

"For grading front of my lot to center of street, 62 feet, 8½ inches."

To the introduction of this instrument the defendant objected on the grounds: 1. That the contract for grading, macadamizing, curbing, etc., was signed by plaintiff, the party of the first part, as an entire contract, whereas the parties of the second part severally limited the obligation of each to pay for only a specified part of the grading; and 2. That no authority from the board of supervisors, nor resolution of intention to do the work was shown.

I think the objection was properly overruled. The instrument expresses three distinct contracts by which each of the parties of the second part promised to pay to the party of the first part his *pro rata* of the total cost of the grading only, " according to the ratio that his frontage bears to the whole frontage," at the rate of eighty-five cents per cubic yard, the whole frontage being five hundred and ten feet nine inches, and the frontage of defendant, for which he promised to pay, being one hundred and twenty-seven feet eight inches. The effect of each of these contracts is the same as if it had been written on a separate paper. As written, the instrument is of the nature of a subscription contract, whereby the obligation of each subscriber is limited and several, and not joint.

As to the objection that the work was not lawfully authorized by the board of supervisors, it is only necessary to say that, whether so authorized or not, the contract for doing it does not appear to have been illegal, nor for any reason invalid. Yet it was proved that by resolution of the board of supervisors the mayor was " authorized to enter into private contracts for the performance of certain street work, for a portion of the

cost of which the city is assessable at the same rates as agreed upon by the property owners, to wit:

"With J. J. O'Connor, to grade the official line and grade Laguna street, between Washington and Clay streets in front of Lafayette Park."

The evidence shows this to have been the same work described in the contract in question, and that the city contracted with plaintiff to do its proportion of the grading, and paid him for it at the rate of eighty-five cents per cubic yard.

3. The contract provides that the estimate of the number of cubic yards is to be made by the city and county surveyor.

To prove the number of cubic yards plaintiff offered as evidence the following instrument:

"(Duplicate No. 337.)

"San Francisco, July 11, 1891.

"I certify I have examined the work of grading Laguna street, from Clay to Washington streets, and find the work to official line and grade. Exc. 5,616 cu. yds.                           "C. S. Tilton,

"City Engineer."

Defendant's objection to this was that it did not show "how much of the excavation was to be made in front of defendant's lot and to the center of the street."

This objection was properly overruled, for the reason that the defendant promised to pay for the grading in the proportion that the frontage of his lot bore to the whole frontage on the improvement. To estimate what sum he should pay, it was only necessary to know the extent of his frontage, the extent of the whole frontage, and the whole number of cubic yards of grading. The number of cubic yards of grading in front of his lot was not a factor in the calculation.

After the certificate of the city engineer had been read in evidence, defendant moved to strike it out, on the ground "that it was not made by the city engineer."

The evidence relied upon to support this ground was the testimony of Nicholas King as follows:

"I am a deputy city and county surveyor, and have been so for five years. I was deputy under Mr. Tilton. The certificate dated July 11, 1891, signed ' C. S. Tilton, City Engineer,' and already in evidence, was issued by our office, showing the amount of grading on Laguna street from Clay to Washington. . . . . I did not do this work of surveying on Laguna street, and do not know who did. . . . . This is the only certificate that was given in reference to this work. . . . . The work was done by Mr. Tilton, under his direction, before he came into office. We only made an examination of the work. . . . . Q. The city and county surveyor never made any survey of this property? A. Only an examination. Q. Only an examination of Mr. Tilton's field notes? A. Yes, sir. Q. That was for the superintendent of streets? A. Yes, sir."

The court denied the motion, and it does not appear that in doing so it erred. The evidence does not even tend to prove, as contended by counsel, that Tilton was not city engineer at the time he signed and issued the certificate, though it does tend to prove that the survey and field notes from which the number of cubic yards was estimated in the office was made by or under him before he came into office. But the ground of the motion is not that he made the survey without authority, nor that it was improperly made, as to which, however, there is no evidence, except the fact that the field notes were in the office of the city and county surveyor and were there used as official *data* from which to estimate the amount of the grading, and upon which estimate the certificate in question was issued by Mr. Tilton after he came into office. But it is a sufficient answer to the objection that the bill of exceptions contains no evidence that Mr. Tilton was not city engineer at the time he issued the certificate, this being the only ground upon which the objection was made.

I think the judgment should be affirmed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.

Hearing in Bank denied.