ARCHIBALD ESTATE v. MATTESON.*

Court of Appeal, Third District; March 5, 1906.

84 Pac. 840.

Nonsuit.—Where the Testimony of the Plaintiff Tends to prove all the material allegations of his complaint, defendant's motion for a nonsuit will not be granted.1

APPEAL from Superior Court, Madera County; W. M. Conley, Judge.

Action by the Archibald estate against A. H. Matteson. From a judgment for defendant, plaintiff appeals. Reversed.

R. L. Hargrove for appellant; R. E. Rhodes for respondent.

BUCKLES, J.—This action is to recover $1,050 as money had and received. The appeal is from an order granting a nonsuit and from an order denying a motion for a new trial. The appeal comes here on a bill of exceptions.

The appellant was duly organized under the laws of the state of California, a corporation by the name of Archibald Estate. On June 4, 1904, the board of directors organized and elected J. F. Archibald president, and on that day passed and recorded in the minutes of the board the following resolution: "Resolved, That the President of this corporation be and he is authorized, empowered and directed to draw from any bank or person or corporation in which may be deposited any of the money or funds of this corporation upon his own signature and request, and the signature of the secretary shall not be necessary to draw said money or funds."

The answer of defendant specifically denies owing the plaintiff anything and claimed upon the trial and argues in his brief that his transaction out of which he received the $1,050 was had with J. F. Archibald individually, and not with the appellant. It appears from the evidence that the property, real and personal, including money, and funds in

---

*For subsequent opinion, see 5 Cal. App. 441, 90 Pac. 723.

1 Cited in Archibald v. Matteson, 5 Cal. App. 442, 448, 90 Pac. 723–726, as an element in the history of the case; the latter appeal being from the judgment upon retrial had following the reversal in the earlier.

bank of J. F. Archibald were by him transferred to the appellant corporation. The money received by the respondent was paid to him by two checks, which are in the following words and figures, to wit:

"Madera, Cal., September 1, 1904.
"Commercial Bank of Madera: Pay to the order of A. H. Mattison the amount, eight hundred dollars.
"$800.00.                    J. F. ARCHIBALD, Pres."

"Madera, Cal., October 22nd, 1904.
"Commercial Bank of Madera: Pay to the order of A. H. Mattison, amount two hundred and fifty dollars.
"$250.00.                    J. F. ARCHIBALD, Pres."

Both these checks were cashed by defendant and paid from the funds of appellant. The evidence offered by plaintiff at the trial tends to show that J. F. Archibald, the president of appellant corporation, died November, 1904. That defendant received the $1,050 as a loan from appellant and had not paid the same. The defendant was called by plaintiff as a witness and testified that the money was loaned him on an agreement that J. F. Archibald would furnish him all the money needed for his farming operations for the years 1904 and 1905, but did not testify as to the amount needed. There was some question as to whether the debt was due when the suit was commenced, but we think the testimony tends in some measure to show that it was due. When appellant rested a motion for nonsuit was granted. This was error. The well-settled rule in this state is that where the testimony of the plaintiff tends to prove all the material allegations of his complaint, a nonsuit will not be granted. A nonsuit is denied where there is any evidence tending to sustain the plaintiff's cause. Citing of authorities is unnecessary.

The judgment of nonsuit is reversed.

We concur: Chipman, P. J.; McLaughlin, J.