[Civ. No. 438.   Third Appellate District.—April 14, 1908.]

## NON-REFILLABLE BOTTLE COMPANY, a Corporation, Appellant, v. HELEN H. ROBERTSON, Respondent.

NONSUIT—EFFECT OF MOTION.—A motion for a nonsuit at the close of the plaintiff's case practically operates as a demurrer to the evidence, and must assume that all of the facts proved in support of the material allegations of the complaint are true, and raises only a question of law; and if the evidence tends to establish the averments of the complaint, or makes a *prima facie* case, the motion must be denied.

ID.—ERROR IN EVIDENCE NOT REVIEWABLE.—Error in the admission of evidence for the plaintiff cannot be reviewed upon motion for a nonsuit; and all relevant testimony received must be given its full probative force, whether erroneously admitted or not.

ID.—ERRONEOUS NONSUIT IN ACTION UPON NOTE—OWNERSHIP—RIGHT TO SUE—INDORSEMENT OF PAYEE.—The court erroneously granted a nonsuit in an action upon a note, on the ground that the corporation plaintiff "had not proved that it was the owner of the note, and that it had no right to sue thereon," where its incorporation was admitted, and the evidence showed that the payee of the note took it for the benefit of the corporation, and indorsed, assigned and transferred the same to the corporation, and the evidence for plaintiff tended to prove all of the material allegations of the complaint.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Thos. F. Graham, Judge.

The facts are stated in the opinion of the court.

F. A. Berlin, for Plaintiff.

Lucius L. Solomons, for Respondent.

HART, J.—This is an action on a promissory note, negotiable in form, for the sum of $500, executed by the defendant in favor of and delivered to one Max Axelrood, in the city of San Francisco, on the twelfth day of August, 1904. Said note called for interest on the principal sum at the rate of six per cent per annum, and was made payable after the nineteenth day of August, 1904.   The complaint alleges that

on the seventeenth day of August, 1904, for value received, said Axelrood ''duly indorsed, assigned, transferred and set over to the plaintiff the said promissory note and all moneys due, or to become due, thereon, and that the said plaintiff is now the owner and holder thereof.''

The plaintiff is alleged to be a corporation duly incorporated, organized and existing under, and in pursuance of, the laws of the state of California, having its office and principal place of business in the city of San Francisco. The defendant at the trial admitted this allegation to be true.

A jury was impaneled and sworn to try the issues; but, upon the close of plaintiff's case, the court, on motion of the defendant, granted a nonsuit. It is from the judgment of nonsuit that this appeal is taken. The ground upon which the court granted the nonsuit was that ''the plaintiff had not proved that it was the owner of the said promissory note, and that it had no right to sue thereon.''

In her answer the defendant admits the execution of the note and that it was given in consideration of an indebtedness due from her to Axelrood in the sum appearing upon the face thereof for one hundred shares of stock purchased by her from said Axelrood in the plaintiff corporation; but she sets up the special defense of want of consideration, in that said note was obtained through misrepresentation and deception, etc. In support of this defense, she alleges that Axelrood represented to her that the stock in plaintiff corporation was very valuable, and that a certain non-refillable bottle, for which the plaintiff had secured a patent right from the United States government, was of great value, and that a large sum of money had been offered by different parties for the same; that Axelrood represented to her that he contemplated going to Canada, where he intended to introduce the patent, and that he would give defendant's son a lucrative position with plaintiff if she would buy the one hundred shares, which he declared represented nearly all the stock that was then for sale. She alleges that within twelve days after the execution and delivery of the note she learned that she had been deceived, defrauded and imposed upon, and that immediately thereafter ''and long before this action was commenced, to wit: on the 24th day of August, 1904, she offered in writing to return said stock and the certificate given in

evidence therefor,'' and demanded of said Axelrood a return of said note and a rescission of the contract of purchase and sale of said stock, ''and did thereupon rescind the same, but the said Axelrood and said corporation refused to deliver up said note, and refused to accept said certificate of stock or consent to said rescission of the contract of sale.''   Defendant then ''offers to return said stock to plaintiff or to said Axelrood.''

The only question presented here is, Was the court justified under the evidence as presented by plaintiff in granting defendant's motion for a nonsuit?

''A motion for a nonsuit in purpose and effect practically operates as a demurrer to the evidence, and must therefore assume that all the facts given in evidence to support the material allegations of the complaint speak the truth.   The consequence of the rule as thus stated is that a motion for a nonsuit presents for the decision of the court a pure question of law.''   (*Archibald Estate* v. *Matteson,* 5 Cal. App. 441, [90 Pac. 725]; *Cravens* v. *Dewey,* 13 Cal. 41; *Donahue* v. *Gallavan,* 43 Cal. 476; *Schroeder* v. *Schmidt,* 74 Cal. 460, [16 Pac. 243]; *Warner* v. *Darrow,* 91 Cal. 311, [27 Pac. 737]; *Goldstone* v. *Merchants' etc. Co.,* 123 Cal. 631, [56 Pac. 776]; *Wright* v. *Roseberry,* 81 Cal. 87, [22 Pac. 336].)

The settled rule is that, upon a motion for a nonsuit made upon the close of plaintiff's case, if the evidence tends to establish the averments of the complaint, or is sufficient to make out a *prima facie* case under the allegations of the complaint, it is the duty of the court to deny the same.   (*Janin* v. *London etc. Bank,* 92 Cal. 14, [27 Am. St. Rep. 82, 27 Pac. 1100].)

It is also a rule that, upon a motion for a nonsuit on the close of plaintiff's case, all the relevant testimony received must be given the effect of its full probative force.   This is true whether the evidence has been erroneously admitted or not, if it bears relevantly upon the issues, for error in admitting evidence for the plaintiff cannot be reviewed on a motion for a nonsuit (*Archibald Estate* v. *Matteson,* 5 Cal. App. 441, [90 Pac. 725], and *O'Connor* v. *Hoffer,* 102 Cal. 528, [36 Pac. 939]), and must, as suggested, for the purposes of the motion, be considered as evidence properly admitted and be given the full benefit of its probative power.

Measured by the foregoing well-settled rules, was the court justified in its decision that, as a matter of law, the evidence of plaintiff does not *tend* to prove the *material* allegations of the complaint? Or, to reduce the proposition to the exact point upon which the motion was granted, does or does not the evidence tend to prove that plaintiff was the owner of the note upon which suit was brought?

The respondent has not filed a brief, the case having been submitted on the record and the brief of appellant, and we are therefore without light upon the precise position of respondent in the case.

The evidence, however, briefly presented, shows: That the note was executed by the defendant at the time and for the amount indicated upon the face thereof; that it was given as evidence of the sum of $500 due Axelrood, in consideration of the sale and delivery to the defendant of one hundred shares of stock in the plaintiff corporation; that it was executed in favor of Axelrood; that after its execution Axelrood assigned and transferred by indorsement and delivered the note to the plaintiff; that Axelrood was the general manager of the plaintiff; that the stock sold to defendant by him was from the treasury stock of the plaintiff, and that the sale was, as a matter of fact, made for said corporation; that the note was made in Axelrood's name, and he accepted the same as the property of the company; that he (Axelrood) had been given authority to sell the stock by a resolution adopted by the plaintiff. Axelrood further testified that he did not own the stock, but that he sold it for the plaintiff, and for that reason transferred the note to the plaintiff, it being the real owner thereof.

Axelrood, who was one of only two witnesses for plaintiff, was cross-examined quite fully as to the circumstances of the transaction by which the defendant executed and delivered to him the note, and declared that there was no fraud, no deceit, no misrepresentation, involved in the transaction on his part; that he told the defendant the truth about the affairs of the plaintiff, etc.

We think the evidence was sufficient to, and did, make out a *prima facie* case for plaintiff. That the note was *duly* assigned and transferred to plaintiff by Axelrood, and that at the time of the commencement of the action and at the trial

plaintiff was the owner thereof, there is no room for doubt under the testimony.

The motion for a nonsuit should not have been granted.

The judgment is reversed.

Chipman, P. J., and Burnett, J., concurred.