ISAAC GLUCKMAN, PLAINTIFF AND APPELLEE, v. H. L. DARLING, DEFENDANT AND APPELLANT.

Submitted December 4, 1913—Decided March 17, 1914.

1. Where the holder of a note has been willfully misled as to the genuineness of an endorsement thereon by one who purports to be the endorser, and sustains damage or is prejudiced thereby, the alleged endorser will be estopped from denying the validity of the signature.

2. A judge is not required to adopt the form, or the words, or the collocation of phrases in which a request to charge is framed, and having stated the legal rule called for, he may, in his discretion, further elaborate it by applying to it any phases of the testimony.

3. Where the defence set up is forgery, the evidence of financial dealings of the parties is admissible as tending to show the probability or improbability of the defendant having endorsed the note.

On appeal from the District Court of the city of Bayonne.

Before Justices GARRISON, TRENCHARD and MINTURN.

For the appellant, *Charles E. S. Simpson* and *George J. McEwan.*

For the appellee, *Haight & Autenreith.*

The opinion of the court was delivered by

TRENCHARD, J.    This is the defendant's appeal from a judgment in favor of the plaintiff entered upon the verdict of a jury.

The suit was on a promissory note, the plaintiff being a *bona fide* holder for value, and the defendant a prior endorser. The other defendant, Charles Flynn (who does not appeal), was the maker.

The defendant at the trial denied his signature as endorser, insisting that it was a forgery.

At the close of the plaintiff's case the defendant moved for nonsuit upon the ground that there was no proof of his signature, and that there was no evidence from which the jury could find that he was estopped from interposing such defence. At the close of the whole case he moved for a direction of a verdict upon the same ground.

We think both motions were properly overruled.

It is argued with much force that the evidence of admissions by the defendant opened the way to the jury to find that the defendant had in fact endorsed the note. But, however that may be, the question of estoppel was clearly for the jury.

The evidence upon the part of the plaintiff tended to show that Balene & Max (partners) were about to sell to Charles Flynn some real estate and were to take in part payment

therefor notes made by Flynn and endorsed by the defendant; that Balene & Max requested the defendant to be present at the transfer because they had heard that there might be some question about the notes. The defendant attended, examined the notes, one of which was the one upon which this suit is based, and then said "everything is all right." The notes were then accepted on account of the purchase price of the property, and the one in suit subsequently passed by endorsement, for a valuable consideration, to the plaintiff.

Section 23 of the Negotiable Instruments law (*Pamph. L.* 1902. *p.* 588; *Comp. Stat., p.* 3738) provides as follows:

"Where a signature is forged or made without authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, *unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority.*"

Under the common law the same rule prevails. The common law indicates what is meant in the statute by the provision "unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority." *Traders National Bank* v. *Rogers,* 167 *Mass.* 315.

It is true that silence and acquiescence alone does not estop a defendant in a suit upon an alleged forged instrument from proving the forgery where the plaintiff has not been prejudiced or damaged thereby. *Corser* v. *Paul,* 41 *N. H.* 24; *Second National Bank* v. *Wentzel,* 151 *Pa.* 142.

But where the holder of a note has been willfully misled as to the genuineness of an endorsement thereon by one who purports to be the endorser and sustains damage or is prejudiced thereby, the alleged endorser will be estopped from denying the validity of the signature. *Fall River National Bank* v. *Buffington,* 97 *Mass.* 498; *State* v. *Abramson,* 57 *Ark.* 142; *Casco Bank* v. *Keene,* 53 *Me.* 104; *Continental National Bank* v. *National Bank,* 50 *N. Y.* 575.

Since the evidence tended to show that the language and conduct of the defendant, when the note in suit was exhibited to him, was calculated to induce the plaintiff to believe that what purported to be the endorsement of the defendant was genuine, and that the plaintiff acted upon such belief to his damage, the motions to nonsuit and for a direction were properly denied.

This conclusion, in effect, also disposes of the numerous objections made to the refusal of the judge to charge as requested.

It is also objected that the trial judge qualified certain other requests charged.

But we find no error therein. It is well settled that a judge is not required to adopt the form, or the words, or the collocation of phrases in which a request to charge is framed; and having stated the legal rule called for, he may, in his discretion, further elaborate it by applying to it any possible phases of the testimony. *Pavin* v. *Worthen & Aldrich Co.,* 51 *Vroom* 567.

It is objected that the court erroneously instructed the jury in effect that the evidence as to the financial dealings of the parties might be considered in determining whether or not the defendant was likely to have endorsed the note.

We think that charge, in view of the evidence, was proper.

The rule is that where the defence set up is forgery, the evidence of financial dealings of the parties is admissible as tending to show the probability or improbability of the defendant having signed the note. 8 *Cyc.* 259; *Crosby* v. *Wells,* 44 *Vroom* 790; *Fromme* v. *Dennis,* 16 *Id.* 515.

We have examined the objections relating to the admission of evidence, as well as all other objections, and find no merit in them.

The judgment will be affirmed, with costs.