SAMUEL WEINSTEIN, ASSIGNEE, ETC., PLAINTIFF-AP-
PELLANT, v. DAVID BOBKER, DEFENDANT-RESPOND-
ENT.

Submitted February 15, 1935—Decided May 17, 1935.

For the appellant, *Samuel George Cohen.*

For the respondent, *Milton J. Finkelstein.*

The opinion of the court was delivered by

Donges, J.    This appeal brings up a judgment of the
Essex County Circuit Court in favor of defendant, follow-
ing the entry of an order striking plaintiff-appellant's
complaint.

The suit was based on the alleged ownership of a note as
follows:

"$900.00                                    June 14, 1929.
   Three weeks after date we promise to pay to the order of
ourselves
         Nine hundred and no/100 dollars
at Weequahic Trust Co.
   Value received with interest.
                        B.-W. Holding Co., Inc.,
                           M. Weinstein, Pres.
                           D. Bobker.
            Due July 5.
   No. 2644

Endorsed:
    M. Weinstein
    D. Bobker
    M. Weinstein
    D. Bobker."

The complaint alleged assignment of the note to appellant, respondent's endorsement, demand for and refusal of payment by respondent, due notice of presentment and dishonor by the maker, and notice of protest, according to law, to respondent, and claims that the amount thereof is due from respondent.

A bill of particulars was demanded by respondent, answers to which are not printed in the state of the case, but appear in an affidavit of respondent filed with the motion to strike, and by which it appears that in response to a demand as to how the assignment was effected, the answer was "the assignment was neither in words nor in writing but was made by virtue of the delivery of the said note by Henry Sommerrock, Jr., to Samuel Weinstein." Sommerrock was assistant secretary and assistant treasurer of the Franklin Washington Trust Company, the holder of the note.

The notice to strike the complaint was upon the ground that it was sham.

In respondent's affidavit he stated as the basis for his motion:

"6. Basing my statements upon the bill of particulars and supplemental bill of particulars hereinbefore referred to, I state as a fact that the promissory note upon which this action is based came into the possession of the plaintiff by physical delivery only and without words of assignment, on or about April 30th, 1930, when the same had been fully paid and entirely satisfied to the holder thereof, the Franklin Washington Trust Company."

Mr. Sommerrock, above mentioned, the notary public who protested the note, and assistant secretary and assistant treasurer of the holder bank, made an affidavit for each party. In his affidavit for defendant, he says that plaintiff called at the bank and said that he had purchased the note and asked

for possession of it, and since "the obligation evidenced by the same and arising therefrom had been fully paid," he delivered the note to plaintiff. He says he did not discuss the sale, transfer or assignment of the note, and that, at the time he handed it to Weinstein there was nothing due the bank. The note was not marked "paid."

The plaintiff, in his affidavit, said that he authorized his father, Morris Weinstein, to negotiate with Milton Unger, who was attorney for the bank and who had reduced the bank's claim on the note to judgment against the corporation and Morris Weinstein, for the purchase of the note; that he, Samuel, paid the amount due on the note by three payments; that he called on Mr. Sommerrock and requested delivery of the note; that Sommerrock consulted with Unger and handed him the note and certificate of protest; that the judgment was assigned by the bank to plaintiff.

Morris Weinstein's affidavit narrates his part in the transaction with Unger, as agent for plaintiff, in the purchase of the note and judgment.

Sommerrock's affidavit for plaintiff says that plaintiff informed him that he had purchased the note and requested its delivery to him, which was done.

The motion to strike, therefore, appears to raise a question as to whether plaintiff purchased the note and held it by assignment, or whether it was paid and satisfied. The respondent contends that the affidavits show that the note was paid and satisfied; the appellant contends that a question of fact was raised as to whether the note was assigned or paid.

Adopting the view most favorable to respondent, we conclude that there was a question of fact raised, and that it was error to strike the complaint in the circumstances shown. Title to a promissory note may be transferred by delivery by the holder to a purchaser without formal assignment. No formal assignment was necessary to vest in the transferee such title as the transferor had. *Dobbs* v. *Coleman Lumber Co., Inc.*, 102 *N. J. L.* 560.

Respondent argues that the note was not negotiable because not endorsed by the makers-payees. The point was not raised

on the motion. The names of Morris Weinstein and D. Bobker appear twice on the back of the note and the appellant asserts that when they first signed it, it was their intention to sign as officers of the corporation and not as individuals, and thereby bind the corporation. This may be shown by testimony at the trial. *Reeve* v. *First National Bank, &c.,* 54 *N. J. L.* 208; *Simanton* v. *Vliet,* 61 *Id.* 595.

The judgment under review is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.