49 N.J. Super. 511 (1958)
140 A.2d 552
CAROL BUDELMAN, PLAINTIFF-APPELLANT,
v.
WHITE'S EXPRESS & TRANSFER CO., INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 17, 1958.
Decided April 11, 1958.
*515 Before Judges PRICE, SCHETTINO and HANEMAN.
Mr. Nicholas Martini argued the cause for appellant.
Mr. Nathan A. Reuben argued the cause for respondent (Mr. Edward Krowen, attorney).
The opinion of the court was delivered by HANEMAN, J.A.D.
Plaintiff appeals from a final judgment of the Superior Court, Law Division, entered by the trial court sitting without a jury, a jury trial having been expressly waived by the parties.
Plaintiff sought to recover $5,000, plus interest, from defendant upon three alternative demands for relief: (1) upon a promissory note allegedly made by defendant and negotiated to plaintiff; (2) for the payment of money loaned; (3) upon the theory that the defendant has been unjustly enriched in that it received the benefit of $5,000 belonging to plaintiff.
In addition to a general denial, the following separate defenses are raised in the pretrial order: (1) the note was made without authority and was not the note of defendant; (2) plaintiff was not a holder in due course; (3) defendant denied obtaining any loan from plaintiff and denied receiving any monies from plaintiff; (4) it was not unduly enriched.
The facts are as follows:
H.R. McCluckie was secretary-treasurer of defendant White's Express & Transfer Co., Inc., a closely held corporation engaged in the trucking business. He held four shares of the 200 shares of the capital stock issued and outstanding. The remaining 196 shares were owned by the White family, *516 as follows: Herbert White, 188 shares; his son, 4 shares, and his wife, 4 shares.
McCluckie had an option from White to purchase the balance of the stock of defendant for $47,500. As a part of that agreement, and in addition to the payment of that sum, McCluckie agreed to operate the business and pay its substantial debts and operating costs.
On or about October 19, 1956 defendant opened a bank account with the First National Bank of Jersey City. It filed with that bank, upon a form prepared and submitted by the bank, an instrument which, inter alia, recites in full a resolution which was allegedly adopted by defendant on October 19, 1956, and which allegedly appears on the corporate minutes, all of which is certified by McCluckie as secretary. Plaintiff contends that this resolution is a general authority to certain officers, including McCluckie, to make, execute, deliver, etc., various negotiable instruments in connection with defendant's business. However, a reading of the resolution demonstrates that the authority allegedly given is limited solely to transactions with the bank in reference to the negotiable paper of the corporation. The purpose of such resolution is to protect the depository bank in all of its dealings with the negotiable paper of its corporate depositors.
White testified that McCluckie had authority to sign checks but no general authority to borrow money, except from the First National Bank of Jersey City, as provided in the resolution filed with said bank.
Plaintiff is employed as a secretary in a firm which engaged defendant as a trucker of its goods. She testified that her employer had cashed checks for McCluckie on past occasions; that those checks were drawn on defendant's account and signed by McCluckie, and that those checks bore the legend "authorized signature."
Plaintiff knew that McCluckie was connected with defendant but did not know his official position with defendant or what authority, if any, he had to deal for defendant. She had known of defendant for some time prior to the *517 transaction upon which suit is here brought but had no knowledge of its financial standing or of its ability to pay its obligations. She had made no inquiry concerning any of the foregoing matters.
McCluckie testified that on or about October 19, 1956 defendant was in poor financial condition and could not borrow money from its depository bank. He admitted that he did not advise White that he was borrowing $5,000 for the benefit of the corporation and pledging its credit for the repayment thereof. He insisted that the money was being borrowed for defendant and that he had the power and authority to execute promissory notes generally for and on behalf of defendant. The trial court stated in his oral conclusions that he was "not impressed with the veracity of McCluckie at all."
Plaintiff testified that on October 19, 1956 McCluckie told her that defendant needed $5,000 and she agreed to lend that sum. She withdrew $5,000 from her account in a building and loan association and obtained from another bank a cashier's check in that amount, which was made payable to H.R. McCluckie. On or about October 19, 1956 she delivered that check to McCluckie. On or about October 22, 1956 McCluckie delivered to her a promissory note, which reads as follows:
"$5000.00 October 22, 1956
Ninety days (90) after date we promise to pay to the order of H.R. McCluckie Five Thousand Dollars at First National Bank of Jersey City, N.J., with 6% interest.
 WHITE'S EXPRESS AND TRANSFER CO., INC.
 Value received H.R. McCluckie
 Authorized signature
 No. ____ Due ____"
This note bears the following legend on the reverse side:
"I hereby guarantee the payment of the within note and hereby waive notice of presentment, non-payment and protest
 H.R. McCluckie
 Long Lots Road
 Westport, Conn."
*518 The check for $5,000 was endorsed by McCluckie and given to defendant's office manager for deposit to defendant's account. It was endorsed for deposit by defendant and was paid on October 23, 1956, the amount being credited to defendant's account in the First National Bank of Jersey City.
Plaintiff sued McCluckie individually upon this same note, but not as a maker, and has recovered a judgment against him.
Plaintiff objected at the time of trial to the admission of testimony on cross-examination of her witnesses and direct examination of defendant's witnesses concerning the nature of the transaction between her and McCluckie. This testimony tended to prove that the $5,000 was used by McCluckie to pay a personal debt to defendant, and that McCluckie was without authority to execute a note as defendant's agent. The objection was principally grounded upon the allegation that plaintiff was a holder in due course and defendant was barred from raising such defenses by R.S. 7:2-57. The trial court overruled the objection and the admission of this testimony is assigned by plaintiff as error.
Plaintiff also contends that the trial court erred in its findings that McCluckie had no authority to execute the note; that the note was given as the result of a private transaction between plaintiff and McCluckie; that the defendant was not estopped from denying liability, and that defendant was not unjustly enriched. These latter grounds are to all intents and purposes allegations that the verdict was against the weight of the evidence.
The first problems which face us on this appeal are whether the note is in fact that of defendant and whether defendant is barred from raising this question since plaintiff is a holder in due course.
An examination of the signature on a note generally discloses the name of the maker. Where such is not the case, two rules relative to negotiable instruments afford a basis for resolution of the problem. These rules are as *519 follows: (a) Where nothing appears in the body of a negotiable instrument to indicate who is the maker, and the instrument is signed by a person who merely affixes to his name an official title as an officer of a corporation, then the instrument is prima facie that of the person so signing. However, such an instrument is so ambiguous in respect to the question whether the individual or the corporation is the maker that parol testimony is admissible to settle that question. Where a negotiable instrument is signed in the corporate name followed by the name of a corporate officer who affixes his corporate title to his name, then such a signature is taken conclusively to be that of the corporation as maker and not that of the individual. Parol testimony is not admissible to demonstrate that another than the corporation is the maker, but real defenses,  forgery, discharge, material alteration and non-delivery of an incompleted instrument  are available to the corporation.
This rule is applicable as between the original parties as well as between the maker and all subsequent holders and is not abrogated by R.S. 7:2-20. Reeve v. First National Bank of Glassboro, 54 N.J.L. 208 (E. & A. 1891); Weinstein v. Bobker, 115 N.J.L. 187 (E. & A. 1935); 7 Fletcher Cyclopedia, Corporations 137; Phelps v. Weber, 84 N.J.L. 630 (E. & A. 1913); United States v. Perpignano, 86 F. Supp. 105 (D.C.N.J. 1949); Belmont Dairy Co. v. Thrasher, 124 Md. 320, 92 A. 766 (Ct. App. 1914). (b) Generally, a disclosed or partially disclosed principal is not liable to the holder of a negotiable instrument in which he is not named. Although the principal does not, by an interpretation of the instrument, appear to be a party thereto, if his name appears thereon extrinsic evidence is admissible to show that it was the intention of the agent and the other party to the transaction that the principal should be a party, unless this would contradict the clearly expressed meaning of the instrument. Solomon v. New Jersey Indemnity Co., 94 N.J.L. 318 (Sup. Ct. 1920), affirmed 95 N.J.L. 545 (E. & A. 1921); Restatement, Agency, § 152. Similarly, where such facts *520 appear and the principal is sought to be held, evidence is admissible to contradict such an alleged intention.
Defendant is not named in the body of the note upon which suit is here brought. The signature of the maker is as follows:
 "White's Express and Transfer Co., Inc.
 H.R. McCluckie
 Authorized Signature"
Such a signature does not demonstrate that McCluckie signed as an officer or agent of defendant. The words "authorized signature" have no such recognized connotation as would ascribe to them a synonymity with "agent." Counsel has not referred to any authority so holding nor have we discovered any authority to that effect. There is absent any designation of the title of any office which McCluckie may have held in the corporation. His signature is not prefaced by the words "by" or "per" or other words of similar purport. Such a signature is therefore not prima facie that of the corporation but rather that of the individual. In such circumstances it is proper to admit parol testimony which would tend to indicate the transaction out of which the note arose in order to ascertain whether McCluckie or the defendant corporation was intended to be held liable. The mode of the signature is so ambiguous that it raises the question whether he signed in his individual capacity or as an officer on behalf of defendant.
In addition, R.S. 7:2-23 reads as follows:
"Where a signature is forged or made without the authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party, against whom it is sought to enforce such right, is precluded from setting up the forgery or want of authority."
Forgery is a "real defense" to suit on a negotiable instrument, i.e., it is available even against the claim of *521 a holder in due course. 10 C.J.S. Bills and Notes § 493; see also Hillside National Bank v. Sansone, 11 N.J. Super. 390 (App. Div. 1951).
A corporation can act only through its agents and, like a natural person, is bound only by the acts of an agent done within the scope of his authority.
In C.B. Snyder Realty Co. v. National Newark, etc., Banking Co., 14 N.J. 146, 154 (1953), the court said:
"It is settled that a corporation is bound by the act of an officer or agent to the extent the power to do that act has been conferred upon him: (1) expressly (a) by the corporate charter, (b) by the by-laws of the corporation, or (c) by the corporate action of the stockholders or board of directors; (2) by implication (a) from powers expressly conferred or (b) incidental thereto; or (3) where the act is within the apparent powers which the corporation has caused those with whom its officers or agents have dealt to believe it has conferred upon them."
An unauthorized signature of an agent is "wholly inoperative" and equal to a forgery. Where an officer of a corporation presumes to execute a promissory note on behalf of a corporation, when he lacks authority, the purported signature is wholly inoperative and equivalent to a forgery. Silver v. Commonwealth Trust Co., 22 N.J. Super. 604 (Cty. Ct. 1952).
Since the defense of lack of authority is available even against a holder in due course it is of no moment, for present purposes, whether plaintiff had that status, and it is not necessary to determine this question. The defense of lack of authority having been raised, the evidence affirmatively proffered by defendant and elicited by cross-examination of plaintiff's witnesses was such as would tend to sustain that contention and was properly admitted, since evidence of financial dealings of the parties is admissible as tending to show the probability or improbability of defendant having signed the note where the defense set up is forgery. Gluckman v. Darling, 85 N.J.L. 457 (Sup. Ct. 1914), affirmed 87 N.J.L. 320 (E. & A. 1915).
*522 Having disposed of the evidentiary ground of appeal, it becomes necessary to consider the balance of the grounds urged.
As above stated, plaintiff alleges, in effect, that the verdict was contrary to the weight of the evidence, and requests this court to make independent findings of fact.
In N.J. Highway Authority v. J. & F. Holding Co., 40 N.J. Super. 309, 317 (App. Div. 1956), the court said:
"A recitation of the testimony conspicuously divergent, discordant, and irreconcilable in its import, tendencies and aptitude will not be undertaken here. Suffice to state that although we are empowered to make our own independent findings where the controversial issue is essentially factual, yet we are not disposed on appeal to overturn the conclusions of the trier of the facts unless it is our conviction that such conclusions are so manifestly unsupported by or inconsistent with the competent, relevant, and reasonably credible evidence as to offend the interests of justice."
The trial court had the opportunity to observe the witnesses and to study their demeanor. Great weight must be accorded his factual conclusions. R.R. 1:5-4; 2:5; In re Perrone's Estate, 5 N.J. 514 (1950).
In addition to what has been above stated concerning the evidence, some reference should be made to the alleged resolution of defendant as being demonstrative of the authority to execute the note in question and the conduct relied upon as giving rise to authority by implication.
Plaintiff had no knowledge of the existence of the resolution and its limited effect can be of no benefit to her. Silver v. Commonwealth Trust Co., supra.
She did not make any inquiry concerning McCluckie's authority. She had never done any business personally with the corporation. She sought to sustain an implied authority in McCluckie to execute promissory notes by proof that on some occasions her employer had cashed defendant's checks signed by him. She did not cash such checks and had no clear recollection to whom they were made payable. Even though it be granted that plaintiff did have knowledge of those transactions, it does not follow that such course of *523 conduct in signing checks raised any implication of authority to execute promissory notes.
An analysis and study of the competent, relevant and reasonably credible evidence does not lead to the conclusion that the findings of the trial court were manifestly unsupportable in holding that McCluckie was without authority to bind defendant and that the note was given as a result of a private transaction between him and plaintiff, and not for corporate purposes.
Since the conclusions of the trial judge have been held unassailable, it follows as well that plaintiff's theory of unjust enrichment must also fail.
Judgment affirmed.